```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

CRAIG MOORE, ET AL.                        CIVIL ACTION

VERSUS                                     NO: 11-1001

BASF CORPORATION, ET AL.                   SECTION: R(2)

### ORDER AND REASONS

Before the Court is defendant E.I. Du Pont De Nemours and Company's unopposed motion for partial summary judgment.[1] The motion is joined by defendants Valspar Corporation and International Paint.[2] Because plaintiff Toni Moore cannot maintain a loss of consortium claim, the Court GRANTS defendants' motion.

### I.  BACKGROUND

Plaintiffs' claims arise from Craig Moore's alleged exposure to products containing benzene when he worked as a painter from 1981 to 2005. On March 25, 2010, Mr. Moore was diagnosed with multiple myeloma. At the time of this diagnosis, plaintiffs Craig and Toni Moore were not married; they married ten days later on April 2, 2010.

On April 28, 2011, plaintiffs filed a complaint against BASF Corporation, International Paint, LLC, the Valspar Corporation,

---

[1]  R. Doc. 75.

[2]  R. Docs. 77, 78.

Radiator Specialty Company, United States Steel Corporation, Exxon Mobil Corporation, Champion Brands, LLC, E.I. Du Pont De Menours and Company, and ABC Insurance Company[3] asserting claims of negligence, strict product liability and liability under the Louisiana Products Liability Act (LPLA).  Plaintiffs seek compensatory damages for the injuries they have suffered, including damages for loss of consortium.

E.I. Du Pont de Nemours ("Du Pont") now moves for partial summary judgment on plaintiffs' claim for loss of consortium. Valspar Corporation ("Valspar") and International Paint, LLC ("International Paint") join Du Pont's motion.

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co.*

---

[3]  R. Doc. 1.

*v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts

showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

## III. DISCUSSION

Under Louisiana law, a plaintiff must be a member of a specific category of persons in order to maintain a loss of consortium claim. *See* La. Civ. Code arts. 2315 (instructing that damages, including loss of consortium, are "recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person."). Spouses are one category of persons eligible to make such a claim. *See* La. Civ. Code art. 2315.2 (listing a "surviving spouse" as one of the persons eligible to recover in a wrongful death action). But, "there can be no recovery for loss of consortium damages for a prenuptial injury that manifested itself before the marriage." *Morales v. Davis Bros. Constr. Co., Inc.*, 706 So.2d 1048 (La. Ct. App. 1998); *see also Leckelt v. Eunice Superette, Inc.*, 555 So.2d 11, 12-13 (La. Ct. App. 1989) (wife who married husband after he sustained an injury was not entitled to maintain a claim for loss of consortium allegedly resulting from injury); *Herndon v. Sw.*

*Elec. Power Co.*, 655 So.2d 678, 679-80 (La. Ct. App. 1995) (wife had no claim for loss of consortium for injuries that manifested themselves before the marriage); *but see Alridge v. Whitney*, 591 So.2d 1201 (La. Ct. App. 1991) (holding that husband could assert a claim for loss of consortium when wife's back injuries were caused by pre-marriage act, but manifested themselves during the marriage).  It is undisputed that Mr. Moore was diagnosed with multiple myeloma – and his injuries therefore manifested themselves – before he and Mrs. Moore married.  Accordingly, Mrs. Moore cannot recover for loss of consortium, and summary judgment on this claim is appropriate.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for partial summary judgment and DISMISSES Mrs. Moore's claim for loss of consortium against Du Pont, Valspar and International Paint.

New Orleans, Louisiana, this 3rd day of April, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE