```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

CRAIG MOORE, ET AL.                              CIVIL ACTION

VERSUS                                           NO: 11-1001

BASF CORPORATION, ET AL.                         SECTION: R

## ORDER AND REASONS

Before the Court is plaintiffs' motion to strike witnesses and exhibits of the Valspar Corporation and International Paint, LLC.[1] The Court GRANTS the motion in part and DENIES the motion in part. The Court extends the discovery deadline until October 19, 2012 for the taking of depositions specifically identified by the Court.

## I.  BACKGROUND

Plaintiffs' claims arise from Craig Moore's alleged exposure to products containing benzene when he worked as a painter from 1981 to 2005.  On April 28, 2011, plaintiffs filed a complaint against BASF Corporation, International Paint, LLC, the Valspar Corporation, Radiator Specialty Company, United States Steel Corporation, Exxon Mobil Corporation, Champion Brands, LLC, E.I. Du Pont De Menours and Company, and ABC Insurance Company.[2] Defendants filed their final witness and exhibit lists with the Court on August 13, 2012. On August 20, 2012, plaintiffs moved to

---

[1]    R. Doc. 127.

[2]    R. Doc. 1.

strike five Valspar witnesses, seven International Paint witnesses,[3] and 100 exhibits submitted by both defendants, on the grounds that the witnesses and exhibits were not properly disclosed during discovery.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1) describes a party's initial disclosure requirements and states that a party must provide to the other parties, without awaiting a discovery request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. Pro. 26(a)(1)(A)(i). A party must also disclose a copy "of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. Pro. 26(a)(1)(A)(ii). The initial disclosure must be supplemented later in the proceedings if the party learns that the disclosure made "is incomplete or incorrect, and if the additional or corrective information has

---

[3]   Plaintiffs previously objected to eight International Paint witnesses but amended their motion to strike to withdraw their objection to witness John Kelly. R. Doc. 163.

not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. Pro. 26(e)(1)(A).

Rule 37 states that if a party does not provide information or disclose a witness as required by Rule 26(a) and (e), the party may not use that information or witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1). The Fifth Circuit has identified four factors that a court should consider in determining whether a violation of Rule 26 is harmless or substantially justified: 1) the importance of the evidence; (2) the prejudice to the opposing party if the evidence is included; (3) the possibility of curing such prejudice by granting a continuance; and (4) the party's explanation for its failure to disclose. *Tex. A & M. Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

**III. DISCUSSION**

    A.   *International Paint Witnesses*

Plaintiffs contend that seven witnesses included on International Paint's witness list were not properly disclosed. These witnesses are Thomas Bayard, James Troxclair, Barry Tungland, Marie Anstead, Nick Tatavak, Calvin Breaux, and a "representative from personnel department of Ingalls Shipbuilding

Division", not yet identified.[4] International Paint's initial disclosure regarding the individuals likely to have discoverable information did not identify any of the individuals,[5] and this initial disclosure was not supplemented.  International Paint claims that all of the witnesses other than Calvin Breaux and the Ingalls Shipbuilding representative were disclosed to plaintiffs through defendant's response on February 17, 2012 to plaintiffs' interrogatories. The first question of the interrogatory asked International Paint to identify the people interviewed in the course of investigating the lawsuit.[6] In response, defendant stated that it had spoken with "various International Paint L.L.C. employees about plaintiff's allegations" and then identified by name Troxclair, Baird, Anstead, Tungland, and Tatavak, as well as one other individual who has not been named as a witness.[7] The response indicated that all of the individuals could be reached only by counsel, and no contact information or specifics as to the information each might provide was given.[8]

In contending that the interrogatory response satisfied its obligation to supplement its initial disclosure, defendant cites

---

[4] R. Doc. 123.

[5] R. Doc. 127-6.

[6] R. Doc. 136-1 at 5.

[7] *Id.*

[8] *Id.*

Rule 26(e), which states that information need not be disclosed if it has "otherwise been made known" during discovery or in writing. Fed. R. Civ. Pro. 26(e)(1)(A). Although the interrogatory response revealed to plaintiffs the names of the International Paint employees who had been interviewed regarding the case, the response did not adhere to the requirements of Rule 26(a). First, the question posed by the interrogatory–who had been interviewed in the course of the investigation–was much broader than the initial disclosure request for the identities of individuals likely to have discoverable information. Thus, while the interrogatory made plaintiffs aware of the International Paint employees who had been contacted, it did not provide plaintiffs with the information required by Rule 26(a). *See Paulsen v. State Farm Ins. Co.*, No. 06-9546, 2008 WL 449783, at *3 (E.D. La. Feb. 15, 2008)(holding that party's awareness of individual did not translate into knowledge that the person would be used as a witness in granting motion to strike for failure to disclose witnesses prior to filing of the witness list).

Second, to the extent that defendant claims that its witness list served as a timely supplemental disclosure since it was filed one month before the discovery deadline of September 12, 2012, the witness list does not satisfy Rule 26(a), because it includes no mention of the subject of each individual's information. Fed. R. Civ. Pro. 26(a)(1)(A)(I); *see Chenevert v.*

*GC Constructors*, No. 4:10CV00-113, 2011 WL 4054978, at *2 (N.D. Miss. Sept. 12, 2011) (Rule 26(a) not satisfied as defendants' supplemental disclosure did not adequately identify the subject matter of the information held by the disclosed individuals); *In re Sambrano*, 400 B.R. 702, 706 (Bankr. W.D. Tex. 2010) (initial disclosure that generically identified party's "employees and agents" as likely to have discoverable information with no identification of the subject matter did not satisfy Rule 26(a)). Plaintiffs have been provided with no information as to the subjects that defendant's witnesses will discuss other than the knowledge that they are employees of International Paint. Therefore, the Court finds that International Paint failed to supplement its initial disclosure as required by Rule 26(e).

In determining whether the testimony of the witnesses may nevertheless be used at trial, the Court finds that the failure to disclose was neither justified nor harmless. Fed. R. Civ. Pro. 37(c). The importance of the witnesses' testimony to the suit cannot be evaluated, since International Paint has not disclosed the subject matter of the information the witnesses possess. *See Tex. A & M. Research Found.*, 338 F.3d at 402. Further, while International Paint may have believed that its interrogatory response satisfied the Rule 26(a) requirement that individuals be identified, defendant provides no justification for its failure

6

to reveal the subject matter on which the individuals may speak. *Id.*

The Fifth Circuit has identified a continuance as the "preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007). But, a continuance long enough to allow plaintiffs time to conduct many additional depositions would necessitate a continuance of the trial itself, which is unadvisable in light of Mr. Moore's failing health. Given the impending trial date, the burden on plaintiffs to conduct many more depositions, and defendants' failure to explain the importance of the witnesses, the Court finds that a trial continuance is not warranted. *See, e.g., Chenevert*, 2011 WL 4054978 (burden of deposing eight additional witnesses weighed heavily in favor of striking the witnesses). International Paint has indicated that the deposition of Barry Tungland was scheduled to take place on September 11, 2012, and the Court therefore will permit his testimony at trial. In the event that Tungland has not yet been deposed, the discovery deadline is extended on this limited basis until October 19, 2012. Pursuant to Rule 37(c), International Paint will not be permitted to use the testimony of Bayard, Troxclair, Anstead, and Tatavak at trial.

The Court similarly finds that defendant failed to timely identify the representative of Ingalls Shipbuilding, but finds

that this failure was harmless. Defendant argues that plaintiffs should have known that defendants would call a witness to authenticate documents that plaintiffs' counsel had subpoenaed. But, Rule 26(a) and (e) establish an affirmative duty to disclose and to supplement disclosure, and the only exception occurs when the information has otherwise been made known through discovery. Fed. R. Civ Pro. 26(e)(1)(A). International Paint did not reveal the identity of the witness nor the subject matter he or she might address before the close of discovery. In this instance however, the Court finds that the failure to disclose was harmless if the witness's role at trial is limited to the authentication of documents. The witness is necessary to the defendant's ability to admit other evidence, and plaintiffs have not asserted any potential prejudice. Therefore, defendant may use the testimony of a representative of Ingalls Shipping at trial, who must be identified as soon as possible. Plaintiffs may depose the representative before October 19, 2012 should they so choose.

    Regarding Calvin Breaux, defendant claims that plaintiffs were made aware of his potential as a witness during Craig Moore's deposition in November 2011, when Moore identified Breaux as his supervisor.[9] The comments to the 1993 Amendment to Rule 26(e) cite as an example of when information has otherwise been

---

[9] R. Doc. 136-3.

made known through discovery a situation in which "a witness not previously disclosed is identified during the taking of a deposition." In his deposition, Moore was asked how he knew which type of paint to use during his work.[10] He responded that his supervisor told him, and when asked if Mr. Breaux was his supervisor, he responded affirmatively.[11] The Court finds that this exchange was sufficient to notify plaintiffs as to defendant's potential use of Breaux and as to the subjects on which he might speak. *See, e.g., Huffman v. City of Conroe*, No. H-07-1964, 2008 WL 4453563, at *2 (S.D. Tex. Sept. 26, 2008) (denying motion to strike witness, since deposition had revealed the witness's relevant knowledge and thus opposing party was not disadvantaged). Although the discovery period has ended, the Court extends the deadline for Breaux to be deposed until October 19, 2012.

   B.   *Valspar's Witnesses*

Plaintiffs also object to five individuals on defendant Valspar's witness list: Paul Sara, Tina Glomstad, Mike Masciale, Brian Heath, and Calvin Breaux. The Court will permit Breaux to testify for the reasons discussed above. In its initial disclosure, Valspar did not identify any individuals likely to

---

[10]   *Id.*

[11]   *Id.*

have discoverable information about its products.[12] Valspar states that it did not know who would serve as its corporate representative until it received plaintiffs' notice requesting a 30(b)(6) deposition, and the parties resolved a dispute about the topics of the notice. Because these discussions took place at the end of July 2012, Valspar asserts that its inclusion of Sara and Glomstad on the witness list on August 13, 2012, a month before the close of discovery, satisfied its obligations under Rule 26. Valspar has not specified the subjects on which Sara and Glomstad may have discoverable information. Nevertheless, the Court finds that the discussions between the parties concerning the topics of plaintiffs' 30(b)(6) notice demonstrate that the subjects Sara and Glomstad might address as corporate representatives had "otherwise been made known" to plaintiffs. *See* Fed. R. Civ. Pro. 26(e)(1)(A). Therefore, the Court finds that defendant timely disclosed Sara and Glomstad. In any event, defendant has indicated that their depositions have already been scheduled for September 26, 2012.[13] The Court thus includes the two depositions in the extension of the discovery deadline to October 19, 2012.

The Court finds that Valspar's two other witnesses, Masciale and Heath, were not timely disclosed. Valspar asserts that the individuals were not identified until Valspar learned of the

---

[12] R. Doc. 127-4.

[13] R. Doc. 169-2.

topics of plaintiffs' 30(b)(6) request, at which time Valspar became aware of the need for former employees to provide information on a product line that Valspar no longer owns. "A party is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. Pro. 26(a)(1)(E). Valspar's failure to identify at an earlier stage of the litigation employees who worked at Valspar during the time in which the product line at issue was operational has not been adequately explained. Further, Valspar's witness list, if considered a supplemental disclosure, did not identify the subjects on which Masciale and Heath might speak. Therefore, Valspar failed to supplement its disclosure as required by Rule 26(e). Nevertheless, in considering the factors set forth in *Texas A & M. Research Foundation,* the Court finds that the failure to supplement was harmless and thus will not strike the two witnesses. 338 F.3d at 402. The testimony of the witnesses is important, as both have firsthand knowledge of the products at issue in the case, and their testimony may shed light on the testimony of plaintiffs' expert. Because the Court has extended the discovery deadline for several other depositions, the Court finds that plaintiffs will not be disadvantaged by the inclusion of two additional witnesses. Therefore, defendant may use testimony from Masciale and Heath at trial, and plaintiffs may depose them at any time until October 19, 2012.

*C. Avondale Exhibits*

Plaintiffs object to both defendants' inclusion on the exhibit lists of 100 documents concerning Avondale Industries Shipyard, where plaintiff Moore worked. Both International Paint and Valspar in their initial disclosures did not identify the Avondale materials as documents that might be used to support their claims or defenses.[14] Plaintiffs contend that Valspar produced four Avondale documents on July 31, 2012 but did not produce the other documents before submitting its witness list. Valspar contends that plaintiffs' counsel was made aware of the exhibits, since a portion of the documents was attached to a deposition attended by plaintiffs' counsel in a companion benzene exposure case filed by plaintiffs' counsel.[15] Although plaintiffs' counsel may have acquired knowledge of the documents in the discovery process of another case, this does not satisfy defendants' obligation under Rule 26(a) to disclose a copy of all documents that the party "may use to support its claims or defenses" in the case at bar. Fed. R. Civ. Pro. 26(a)(1)(A)(ii). Because the Avondale documents were produced to Valspar in June 2012, defendants violated their duty under Rule 26(e) to supplement disclosures by failing to produce the full set of

---

[14] R. Docs. 127-4; 127-6.

[15] R. Doc. 137-5.

documents before their submission of exhibit lists on August 13, 2012.

Nevertheless, the Court finds that the lack of disclosure was harmless. Defendants contend that their actions were the result of inadvertent error stemming from Valspar's receipt of two sets of Avondale records. After plaintiffs filed their motion to strike, defendants corrected the omission by immediately providing plaintiffs with the missing documents on August 21 and 22, 2012, a full two months before trial.[16] *See, e.g., Galloway v. State Farm Fire & Cas. Co.*, No. 06-8748, 2008 WL 1834916, at *2-3 (denying motion to strike since, even if exhibits were not provided timely, opposing counsel had received them at the time of the court's ruling and had not demonstrated prejudice). Further, due to Hurricane Isaac, the deposition of the Avondale employee who will testify about the documents was postponed, and so plaintiffs will have had adequate time to review the documents before the deposition.

## IV. CONCLUSION

For the foregoing reasons, the Court will not strike the Avondale exhibits listed in Valspar's and International Paint's exhibit lists. But, pursuant to Rule 37(c), the Court will not allow testimony from Thomas Bayard, James Troxclair, Marie

---

[16] R. Doc. 137-6.

Anstead, or Nick Tatavak to be heard at trial due to International Paint's failure to comply with Rule 26(a) and (e). The Court extends the discovery deadline to October 19, 2012 so that plaintiffs may depose Paul Sara, Tina Glomstad, Mike Masciale, Brian Heath, Calvin Breaux, and a representative from Ingalls Shipbuilding, to be identified immediately. The Court therefore GRANTS in part and DENIES in part plaintiffs' motion to strike the witnesses and exhibits of defendants International Paint and Valspar.

New Orleans, Louisiana, this 21st day of September, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE