UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CRAIG MOORE, ET AL | * | CIVIL ACTION NO. 11-01001 |
| VERSUS | * | JUDGE: SARAH S. VANCE |
| BASF CORPORATION, ET AL | * | MAG: JOSEPH C. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**THE VALSPAR CORPORATION'S RULE 6(b)(1)(B)**
**MOTION FOR EXTENSION OF TIME TO FILE ANSWER**

**MAY IT PLEASE THE COURT:**

The Valspar Corporation ("Valspar") submits this Memorandum in Support of its Rule 6(b)(1)(B) Motion for Extension of Time to File Answer. Valspar concedes that through inadvertence issue was not timely joined following the November 21, 2011 denial of its Motion to Dismiss. (R. Doc. 68). Pursuant to Federal Rules of Civil Procedure Rule 12(a)(4)(A) an Answer was due within fourteen days after the denial; or December 5, 2011. Fed. R. Civ. P. 12. Immediately upon discovering from a co-defendant's inquiry that issue had not been joined, Valspar filed its Answer on July 30, 2012, less than eight months later. (R. Doc. 104). Three weeks later, Plaintiffs filed a Motion to Strike; Valspar opposed Plaintiffs' Motion. (R. Doc. 130). Thereafter, the Court noted that the Court did not have a procedurally proper Rule 6 Motion for Extension of Time pending before it, and set a deadline of September 25, 2012 for the filing of a Rule 6 Motion. (R. Doc. 178). Consequently, Valspar respectfully submits this memorandum in support of its Rule 6 Motion for Extension of time to file its Answer. Valspar's Opposition to the Motion to Strike explained the excusable neglect that merits the extension of the time to answer, (R. Doc. 130). However, out of an abundance of caution, Valspar

incorporates the Opposition and sets forth herein the basis for a finding of excusable neglect and the grounds for the Court to grant an extension.

Thus, Valspar respectfully submits that Valspar's failure to timely file its Answer constitutes excusable neglect, and requests that the time for filing be enlarged sufficiently to either accept the previously filed July 30, 2012 Answer, or to accept the duplicate Answer attached to Valspar's Motion for Extension of Time to File Answer.

I.   FACTUAL BACKGROUND

On April 28, 2011, Plaintiffs, through counsel, filed their Complaint against nine Defendants, including Valspar, alleging that Plaintiff Craig Moore was exposed to benzene from Defendants' products during his twenty-four year career as a painter. (R. Doc. 1). Asserting that Plaintiffs failed to sufficiently plead facts regarding Valspar's products, Valspar moved to dismiss the Complaint. (R. Doc. 25). The Motion was denied on November 21, 2011 (R. Doc. 68).

Through inadvertence, Valspar contritely admits that an Answer was not timely filed in this matter. The failure to file an answer was an oversight, as evidenced by Valspar's participation in significant discovery activity conducted following the denial of its Motion to Dismiss. Indeed, Valspar has actively litigated this case in all respects, including responding to written discovery, serving written discovery on Plaintiffs, attending the four depositions conducted in this matter before it filed the Opposition, and the ten depositions since that time, disclosing experts, communicating with Plaintiffs' counsel, extensive motion practice, and has defended the claims against it accordingly. Plaintiffs never raised an issue about Valspar's Answer. Instead, in July 2012, after a co-defendant inquired about Valspar's Answer, it was discovered that an answer inadvertently had not been filed. Valspar immediately filed its answer

and joined issue. (R. Doc. 104). Apparently, Plaintiffs were unaware of Valspar's counsel's oversight.

Importantly, Valspar's Answer, with affirmative defenses, was filed immediately upon becoming aware of the issue, and approximately three months before trial and with significant discovery still to be conducted, including the depositions of Valspar, International Paint, Danny Joyce (former Avondale Safety Director), Calvin Breaux, Mr. Moore (Plaintiff) and numerous experts, among others. Thus, Valspar respectfully submits, as explained below, that Plaintiffs have not been (and will not be) prejudiced by the late filing, and, in the interests of justice, requests that the Court find the oversight to be excusable neglect.

## II.  LAW AND ARGUMENT

### A.  Motions for Extension of Time for Filing Pleadings

Regarding extensions of time for filing pleadings, Federal Rule of Civil Procedure 6(b) governs. The Rule provides, in part:

> (b) Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6.

Under the Rule 6(b), relevant factors to considering when making the excusable neglect inquiry include: 1) danger of prejudice to the non-movant, 2) length of the delay and its potential impact on the judicial proceedings, 3) reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith. *Adams v.*

*Travelers Indem. Co. of Conn.,* 465 F.3d 156, 162 n. 8 (5th Cir. 2006)(*citing Farina v. Mission Inv. Trust,* 615 F.2d 1068, 1076 (5th Cir. 1980)).

Absent willful conduct, failure to timely answer is typically held to be excusable neglect. For example, in *Bona Fide Demolition and Recovery, LLC v. Crosby Const. Co. of La., Inc.*, this Court addressed a defendant's motion to set aside entries of default judgments against it.  07-3115 (E.D. La. 11/20/09), 2009 WL 4060192.  Judge Vance, writing for the Court, discussed excusable neglect in the context of default judgments.  The Court concisely instructed:

> Though resolution of cases on the merits is preferable, the willful failure of a party to answer the complaint may provide sufficient justification to deny a motion to set aside an entry of default. *See Dierschke,* 975 F.2d at 184; *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 63 (5th Cir.1992); *Hargay v. City of New Orleans,* 12 F.3d 1099 (5th Cir.1999)(stating that a willful failure to answer indicates a lack of good cause). When this is the case, a defendant must show that its failure to file an answer resulted from excusable neglect to set aside an entry of default. *See CJC Holdings,* 979 F.2d at 64 ("We therefore review the district court's determination of willfulness, but we suggest that district courts should use the less subjective excusable neglect standard in the future."); *American Airlines, Inc. v. Reinis,* 21 F.3d 1107 (5th Cir.1994); *Noah v. Bond Cold Storage,* 408 F.3d 1043, 1045 (8th Cir.2005)(stating that for neglect to be excusable, the party must show good faith and a reasonable basis for noncompliance with court rules).

*Id*. at *3.

Examining the circumstances before it, the *Bona Fide Demolition* court, noted that the defendant participated in discovery matters, communicated with plaintiffs' counsel, was not unavailable or unresponsive and those plaintiffs would not suffer any prejudice.  *Id*.  Thus, the Court reasonably concluded:

> First, the Court finds that defendants' failure to file an answer in this matter amounts to excusable neglect, not willful conduct. Though defendants received proper service of Bona Fide's Complaints, their continued participation in discovery matters and settlement discussions suggest that their lateness was more akin to inadvertent oversight than deliberate recalcitrance.

*Id*.

Consequently, the court set aside the default judgment finding that there was good cause. *Id*. Other courts also have denied motions to strike answers where the delinquent filing was not the result of willful bad faith, but rather, an innocent error. *See, e.g., Hirata v. Ida*, 10-00084 (D. Haw. 6/14/11), 2011 WL 3290409 (unable to make finding of bad faith even without an explanation for nine month delay in filing answer); *Rance v. Rock Solid Granit USA, Inc.*, 08-21639 (S.D. FL 2/9/11), 2011 WL 906643 (finding one month delay in filing answer due to human error not bad faith); and *Wilson v. King*, 06-2608 (E.D. Penn. 2/24/10), 2010 WL 678102 (striking ten month late answer was not appropriate – surveying cases).

Applying the Rule 6 factors identified in the *Adams* case to the facts before the Court, each favors a finding of excusable neglect and enlargement of the time to file an Answer. First, regarding the danger of non-prejudice to the non-movant (Plaintiffs) and the impact on the proceedings, no prejudice is created and the proceedings are not affected in any manner. As the facts bear out, no prejudice has been caused or will be caused other than Plaintiffs will have to prove their case on the merits, as is normally required. A primary indication that no prejudice has been incurred is that Plaintiffs apparently were unaware that an Answer had not been filed by Valspar until it filed the pleading. Plaintiffs never raised an issue about Valspar's answer, and did not even file their motion to strike until 3 weeks after the answer was filed. Given Plaintiffs' Motion to Strike, as well as the unfortunately contentious history of this litigation, Plaintiffs almost certainly would have moved for a default judgment had Plaintiffs been cognizant of Valspar's oversight. Rather, the parties actively litigated the case through discovery and motion practice over the seven months between the denial of the Motion to Dismiss and Valspar's Answer. And have done so since that time. It is difficult to understand how the Answer could

prejudice Plaintiffs when they were not aware it had not been filed and the parties have been operating as if the Answer had been filed.

Moreover, Plaintiffs never raised any issue prior to filing the Motion to Strike. In fact, Plaintiffs waited three weeks after the answer was filed to file the Motion to Strike. If the timing was as critical as Plaintiffs claims, it is difficult to understand why Plaintiffs waited three weeks to file the motion—and did nothing during that time in relation to the Answer and affirmative defenses.

Regardless, Valspar submits that Plaintiffs have not suffered and will not suffer any actual prejudice. As noted previously, International Paint (which is still a defendant in this matter) filed a June 16, 2011 answer (R. Doc. 30) with a majority of the same affirmative defenses, and since that time, Plaintiffs did not serve any written discovery as to the affirmative defenses, Plaintiffs did not depose International Paint (until several weeks after the motion to strike was filed), and Plaintiffs have not filed any motions directed to the affirmative defenses. Moreover, Plaintiffs' Rule 30(b)(6) deposition notice to International Paint was virtually identical to the Notice served upon Valspar and did not contain any reference to affirmative defenses. In short, Plaintiffs have treated International Paint and its affirmative defenses identically to Valspar, with or without an answer.

This analysis holds true for the other defendants prior to their dismissals. Each of them had served answers and asserted many, if not most, of the same affirmative defenses. *See* Affirmative Defense Chart, attached to Rule 6 Motion For Extension of Time to File Answer as Exhibit "B". Plaintiffs never sought to conduct any discovery in relation to those affirmative defenses and never engaged in any motion practice about those defenses. Given that the defenses are essentially the same as those asserted by Valspar, it is difficult to understand how

Plaintiffs could argue they would have done something different if Valspar's Answer had been filed sooner. Under these circumstances, Plaintiffs cannot contend they have been prejudiced, or missed an opportunity to take some action.[1]

Valspar's Answer, with defenses, was filed on July 30, 2012. (R. Doc. 104). The discovery deadline in this matter is September 12, 2012 and trial is set for October 22, 2012. (R. Doc. 64). To accommodate expert schedules, some expert discovery will occur beyond the deadline. (R. Doc. 111). At the time Valspar filed its answer—and today—the deadlines for dispositive motions and discovery had not run. Moreover, nearly all of the depositions in this case have occurred, or will occur, after the date Valspar filed its Answer, including:

Dr. Bhaskar Kura (Plaintiffs' expert - 8/10/12)
Toni Moore (Mr. Moore's spouse - 8/22/12)
Dr. Rice (Plaintiffs' expert – 9/4/12)
Dr. John Kelly (Employee of International Paint - 9/6/12)
Dr. Peter Infante (Plaintiffs' expert - 9/7/12)
Barry Tungland (International Paints rep. - 9/11/12)
Joel Cohen (Defense expert – 9/11/12)
David Garabrant (Defense expert – 9/12/12)
Ethan Natelson (Defense expert – 9/14/12)
Dr. Jack Saux, III (Plaintiffs' expert - 9/16/12)
David Pyatt (Defense expert – 9/18/12)
Jennifer Sahmel (International Paint's expert - 9/19/12)
The Valspar Corporation (9/26/112)
Danny Joyce (former Avondale Safety Director – 10/1/12)
Calvin Breaux (To be determined)
Brian Heath (To be determined)
Mike Maciale (To be determined)

Only two depositions were conducted prior to Valspar's July 30, 2012 Answer: Craig Moore (noticed by Plaintiffs and Maurice Moore (noticed by defendants) (Plaintiff's brother)). Plaintiffs are unable to credibly claim prejudice on the face of this simple fact.

---

[1] Importantly, Valspar's deposition Notice and areas of inquiry were not finalized until the Court's ruling on August 15, 2012 (R. Doc. 126) two weeks **after** Valspar's Answer was filed, and Valspar's deposition has not yet been conducted.

Most significantly, Plaintiffs had not deposed Valspar at the time they filed their motion to strike, and have not yet deposed Valspar. For this reason, as well, Plaintiffs cannot show any prejudice. The "eve of trial" was actually almost three months away at the time of filing the Answer, and Plaintiffs have had and will have Valspar's answer during that time and during the time all of the activities described above have occurred. Absent a specific showing of actual prejudice, Plaintiffs' Motion to Strike should be denied. *Abene v. Jaybar, LLC,* 802 F.Supp.2d 716, 723 (E.D. La. 7/14/11). Just as significant, the foregoing demonstrates that the parties conduct in discovery and trial preparation has been and would be completely unaffected by an enlargement of time in which to file responsive pleadings. No additional discovery is necessary and Plaintiffs have been able to completely explore Valspar's defenses. Therefore, the first two factors favor a finding of excusable neglect.

Turning to the third factor, the Court considers the reason for the delay and whether it was in the control of the mover. Undeniably, filing an Answer was completely within the control of Valspar (the mover), and Valspar admittedly failed to file an Answer due to oversight following the denial of its Rule 12(b) Motions. While on its face this factor militates against allowing an extension of time, Valspar submits that this factor is heavily outweighed by the three other considerations, as noted herein.

Finally, the Court looks to whether the mover acted in good faith. *Adams.,* 465 F.3d at 162 n.8. Absent willful conduct, failure to timely answer is typically held to be excusable neglect. *Bona Fide Demolition and Recovery, LLC v. Crosby Const. Co. of La., Inc*., 2009 WL 4060192. The *Bona Fide Demolition* court discussed excusable neglect in the context of default judgments. This analogy is appropriate where a Court declines to extend the time for filing an Answer, as the inability to answer is only one step removed from entry of a default judgment. In

other words, a defendant's failure to timely file an answer would automatically operate as a *de facto* default judgment.

Like the defendant in the *Bona Fide Demolition* case discussed above, Valspar has participated in discovery matters, communicated with plaintiffs' counsel, was not unavailable or unresponsive, and Plaintiffs will not suffer any prejudice. *Id*. Thus, just like in the *Bona Fide Demolition* case, the Court should conclude that the defendant's failure to file an answer amounts to excusable neglect, not willful conduct. The reason for the delay—an inadvertent oversight--and Valspar's continued full participation in discovery matters and trial preparation shows that its lateness was mere inadvertent oversight rather than any deliberate recalcitrance. *Bona Fide Demolition*, 2009 WL 4060192 at *3. Thus, the final factor heavily favors a finding of excusable neglect and an extension of time in which to file an Answer.

**WHEREFORE**, Valspar respectfully prays that the Court grant it's Motion for Extension of Time extending the December 5, 2011 deadline for filing responsive pleadings to July 30, 2012 and accept into the record Valspar's Answer filed on that date. (R. Doc. 104). Alternatively, Valspar respectfully requests that the Court extend Valspar's deadline for filing an Answer to a date sufficient to accept into the record a duplicate copy of the Answer, attached hereto as Exhibit "A".

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 North Causeway Boulevard, Ste. 2900
Metairie, LA 70002
Phone: (504) 832-3731

        Fax:   (504) 837-3119
        andreww@duplass.com
        jglass@duplass.com
        *Counsel for Defendant, The Valspar Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2012, I served the foregoing pleading on all parties by using the CM/ECF system, which automatically sends e-mail notification of such filing to all counsel of record.

        s/Andrew D. Weinstock

        _____
        andreww@duplass.com