UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CRAIG MOORE, ET AL.                              CIVIL ACTION

VERSUS                                           NO: 11-1001

BASF CORPORATION, ET AL.                         SECTION: R

                           **ORDER AND REASONS**

   Before the Court is plaintiffs' motion to strike defendant Valspar Corporation's untimely answer to plaintiffs' complaint. The Court DENIES plaintiffs' motion to strike defendant's answer but GRANTS plaintiffs' motion to strike the affirmative defenses of failure to preserve evidence, estoppel and waiver, unclean hands, statutory preemption, and any affirmative defenses under the Louisiana Products Liability Act that defendant has not specifically identified.

**I.   BACKGROUND**

   Plaintiffs' claims arise from Craig Moore's alleged exposure to products containing benzene when he worked as a painter from 1981 to 2005. On April 28, 2011, plaintiffs filed a complaint against several paint manufacturers, including the Valspar Corporation.[1] After filing a motion for an extension of time to answer, Valspar filed a motion to dismiss on June 14, 2011. The Court denied the motion to dismiss on November 21, 2011. Although its answer was then due December 5, 2011, Valspar did not file

---

   [1]   R. Doc. 1.

its answer until July 30, 2012, and its answer included forty affirmative defenses. Plaintiffs moved to strike Valspar's answer, on the grounds that defendant's answer was untimely and many of the affirmative defenses were improperly pleaded.[2] Valspar then submitted to the Court a motion pursuant to Federal Rules of Civil Procedure 6(b), seeking an extension of the time to answer.[3] Magistrate Judge Wilkinson granted the extension, finding that Valspar had established excusable neglect by its counsel and good cause for the extension.[4]

## II.   LEGAL STANDARD

   *A. Motions to Strike*

   Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Kaiser Aluminum & Chem. Sales, Inc. V. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)("motions to strike a defense are generally disfavored"); *Synergy Mgmt., LLC v. Lego Juris A/S,*

---

   [2]   R. Doc. 130.

   [3]   R. Doc. 185.

   [4]   R. Doc. 245.

No. 07-5892, 2008 WL 4758634, at *1 (E.D La. Oct. 24, 2008) ("motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted."). Even when motions to strike are well-founded, they are not to be granted "in the absence of a showing of prejudice to the moving party." *Abene v. Jaybar*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (internal citation omitted).

   *B. Pleading Standard for Affirmative Defenses*

Affirmative defenses are pleadings governed by Rule 8 of the Federal Rules of Civil Procedure. A defendant is required to "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), 8(c)(1). In *Woodfield v. Bowman*, the Fifth Circuit held that affirmative defenses are subject to the same pleading requirements as a complaint and articulated a "fair notice" standard for pleading affirmative defenses. 193 F.3d 354, 362 (5th Cir. 1999). Under this standard, a defendant is required to plead an affirmative defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.* (citation omitted).

**III. DISCUSSION**

   The Court denies plaintiffs' request that defendant's entire

answer be stricken, because after plaintiffs filed this motion, Magistrate Judge Wilkinson found that Valspar established good cause for an extension of the deadline to file an answer.[5] Plaintiffs also make specific objections to several of defendant's affirmative defenses, asserting that the defenses are not sufficiently articulated to provide fair notice. Defendant contends that the same affirmative defenses were posed by other defendants, without objection from plaintiffs. That argument does not cure any deficiencies in defendant's answer, deficiencies that are all the more prejudicial by virtue of the lateness of defendant's filing. Therefore, the Court will examine whether Valspar's contested affirmative defenses provided plaintiffs with fair notice.

    A.    *Failure to Preserve Evidence*

Valspar asserts as its twentieth affirmative defense plaintiffs' failure to preserve evidence "relevant to this action."[6] Putting aside whether this allegation even amounts to an affirmative defense, it suffers from a lack of particularity. In a case of this complexity, in which discovery has been conducted for over a year, such a lack of factual specificity as to the nature of the evidence in issue and the circumstances under which plaintiffs failed to present it leaves plaintiffs

---

[5]    R. Doc. 245.

[6]    R. Doc. 104.

without fair notice of the substance of the defense. *Woodfield*, 193 F.3d at 362. The Court thus strikes this defense.

  B. *Estoppel and Waiver*

As its twenty-third affirmative defense, Valspar states, "Valspar alleges that Plaintiffs' claims are barred by the applicable principles of estoppel and waiver."[7] Defendant does not indicate which of plaintiffs' claims are barred by estoppel or waiver or the facts giving rise to the waiver or estoppel. The Court therefore finds that this defense fails to provide fair notice and strikes it from the answer. *See Woodfield*. 193 F.3d at 362 ("baldly 'naming' the broad affirmative defenses . . . falls well short of the minimum particulars needed to identify the affirmative defense"); *see also Cosmetic Warriors Ltd. v. Lush Boutique, L.L.C.,* No. 09-6381, 2010 WL 481229, at *2 (E.D. La. Feb. 1, 2010) (defendant's assertion that "Plaintiff's claims are barred by the doctrine of equitable estoppel" did not provide plaintiff with fair notice).

  C. *Unclean Hands*

Valspar asserts as its twenty-fourth affirmative defense the doctrine of unclean hands, stating only that "Valspar alleges that Plaintiffs' claims are barred by the doctrine of unclean hands."[8] Without any accompanying facts or indication of the

---

  [7] *Id.*

  [8] R. Doc. 104.

particular claims barred, Valspar has not provided plaintiffs with fair notice of the defense that will be raised at trial. *See, e.g., Software Publishers Ass'n v. Scott & Scott, LLP*, No. 306CV0949G, 2007 WL 2325585, at *2 (N.D. Tex. Aug 15, 2007) (striking affirmative defense stating that plaintiff's claims were barred due to the "plaintiff's unclean hands").

   D.   *Statutory Preemption*

Defendant's twenty-fifth affirmative defense states, "Valspar alleges that Plaintiffs' claims may be preempted in whole or in part by federal and/or state statutes and/or regulations."[9] Defendant has not met the fair notice test under *Woodfield*, because its answer does not identify the applicable state or federal statutes or provide a factual basis for the application of any legal provision. *See Schlosser v. Metropolitan Pro. and Cas. Ins. Co.*, No. 12-1301, 2012 WL 3879529, at *3 (E.D. La. Sept. 6, 2012) ("The general reference to 'statute' . . . could support a host of reasons to deny relief.")(internal citation omitted). The Court therefore strikes the defense of statutory preemption.

   E.   *Speculative Damages*

Defendant's twenty-sixth affirmative defense states that "Plaintiffs are barred from any recovery for damages, injuries and losses alleged in the Complaint as such damages are

---

[9]   *Id.*

impermissibly remote and speculative."[10] Despite the lack of detail, the Court finds that the basis for Valspar's defense as to speculative damages is self-explanatory, and its scope is limited by the damages alleged in plaintiffs' complaint. *See, e.g., Voeks v. Wal-Mart Stores*, Inc., 07-C-0030, 2008 WL 89434 (E.D. Wis. Jan. 7, 2008)(denying motion to strike defense of speculative damages although defense was pleaded with little detail). Therefore, the Court will not strike the defense of speculative damages from defendant's answer.

    *F.    LPLA Defenses*

Defendant asserts as its thirty-eighth defense all defenses provided in the LPLA, or if the Court finds that plaintiffs' claims are governed by law in existence before the LPLA was enacted, all affirmative defenses set forth in the LPLA that were recognized under prior law.[11] Defendant provides no additional detail as to the defenses it will bring or the factual basis for those defenses. The Court finds that such a vague assertion does not provide plaintiffs with fair notice and does not constitute the type of affirmative statement required by Federal Rule of Civil Procedure 8. Therefore, the Court limits the affirmative defenses that defendant may raise under the LPLA to the affirmative defenses specifically identified in defendant's

---

    [10]    R. Doc. 140.

    [11]    R. Doc. 104.

answer.

    G.   *Unknown*

As its fortieth affirmative defense, defendant reserves the right to assert additional affirmative defenses should discovery indicate that the defenses are appropriate.[12] Such a reservation clearly does not provide fair notice of a defense, but it also is not an affirmative defense, which must be specifically identified. *See* Fed. R. Civ. P. 8(b)(1)(A), 8(c)(1). Therefore, although the Court will not strike the defense as an improperly pleaded affirmative defense, the Court notes that this catch-all defense does not permit the defendant to present affirmative defenses that were not identified in its answer. *See, e.g., Solis v. Bruister*, No. 4:10CV77, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (finding it unnecessary to strike defendants' reservation of the right to assert unstated defenses as an improperly pleaded affirmative defense, because defendants must identify any additional affirmative defenses).

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motion to strike defendant's answer in its entirety but GRANTS plaintiffs' motion to strike the affirmative defenses of failure to preserve evidence, estoppel and waiver, unclean hands,

---

[12] *Id.*

statutory preemption, and LPLA defenses, to the extent that the defenses under the LPLA are not raised elsewhere in the answer.

New Orleans, Louisiana, this 9th day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE